**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO:**

JASON CANO, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.

AMERICAN FINANCIAL SECURITY
LIFE INSURANCE CO., a Missouri
corporation,

    Defendants.
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JASON CANO (hereinafter "Plaintiff"), brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant, AMERICAN FINANCIAL SECURITY LIFE INSURANCE CO. ("AFSLIC" or "Defendant"), for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. Plaintiff and each Class Member received unwanted telephone robocalls from Defendant. Moreover, Plaintiff and Class members' phone numbers were registered with the National Do-Not-Call Registry. The instant action challenges all calls that were sent by Defendant to Plaintiff and Class Members from approximately September 17, 2016, through the date of filing this class action complaint.

3. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

4. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

5. Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone

---

1. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how companies may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission and marketing decisions regarding the unlawful and unwanted calls to Plaintiff from its headquarters in this District.

9. The Court has personal jurisdiction over Defendant because it conducts business in this state, maintains principle places of business in this state, markets its services within this state,

employs individuals in this state, and has availed itself to the jurisdiction of this state by placing calls to Plaintiff and Class Members from this state.

## PARTIES

10. Plaintiff's domicile is in Irving, Texas.

11. Defendant, AFSLIC is a Missouri corporation and registered to do business in Florida, listing its principal place of business at 55 NE 5th Ave. Suite 502 Boca Raton, Florida 33432, within the jurisdiction of this Honorable Court. Defendant's registered agent in the state of Florida is listed as its Chief Financial Officer, 200 E. Gaines Street, Tallahassee, Florida 32399.

12. Defendant is a national insurance company that promotes and markets its services throughout the country, and during the relevant time period, sent unsolicited phone calls to wireless telephone users in violation of the TPCA.

13. Defendant, directly, individually, jointly, and/or in concert with another, or through other persons, entities or agents acting on their behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15. Defendant is authorized to engage in business in the State of Florida, and at all times mentioned herein was a corporation and "person," as defined by 47 U.S.C. § 153(39).

4

16. At all times relevant Defendant conducted business in the State of Florida, within this judicial district.

17. Defendant utilizes telephone marketing, to send unsolicited marketing phone calls, including at least 3 unwanted phone calls to Plaintiff alone beginning on March 9, 2020.

18. Defendant created and operated the unsolicited marketing robocalls that are the subject of this lawsuit.

19. Plaintiff registered his personal cell phone number that received the calls on the National Do Not Call Registry in October 2017.

20. All phone calls sent by Defendant or on behalf of Defendant to Plaintiff were sent without his consent.

21. Through the unsolicited phone calls, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

22. At the beginning of each call Plaintiff heard silence, followed by audible clicks that are associated with and indicate that an auto-dialer was used, and then after several seconds, the call was transferred to a live person. Upon information and belief, these facts demonstrate that the calls were made using an ATDS.

23. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

25. Upon information and belief, Defendant used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

26. Defendant utilized the ATDS to send the subject phone calls *en masse* to Plaintiff and Class Members using an autodial function regardless of whether these individuals had provided express written consent or had registered their phone numbers on the National Do Not Call Registry.

27. The content of the phone calls made to Plaintiff and the Class Members show that they were for marketing purposes and thus required Plaintiff's prior express written consent.

28. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Plaintiff did not provide Defendant or its agents prior consent to receive these calls to his cellular telephone; therefore, the unsolicited messages violated 47 U.S.C. § 227(b)(1).

31. Defendant is and was aware that it was placing unsolicited calls to Plaintiff and other consumers without their prior consent.

32. Plaintiff was damaged by Defendant's messages. In addition to using Plaintiff's cellular data, phone storage, and battery life, his privacy was wrongfully invaded, his seclusion was intruded upon, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls, forcing him to divert attention away sleep and causing disruption to his work and other activities. Not only did the receipt of the phone calls

distract Plaintiff away from his personal activity, Plaintiff was forced to spend time investigating the calls. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".… "[A] small injury… is enough for standing purposes").

## **CLASS ACTION ALLEGATIONS**

33. Plaintiff brings this class action under Rule 23(a),(b)(2), and(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined as:

> **ATDS Class:** All persons in the United States who, within the four (4) years prior to the filing of this Complaint received a call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, advertising Defendant's services, without the recipients' prior express written consent in violation of the TCPA

> **Do Not Call Registry Class:** All people in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

34. Excluded from the Classes are Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or their subsidiaries or affiliates, and members of the federal judiciary.

35. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

36. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of standardized marketing phone calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members.  Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

37. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and personnel records.

38. Members of the Classes may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

39. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

1. Whether Plaintiff and Class Members registered a phone number on the National Do Not Call Registry;

2. Whether, during the class period Defendant or its agents called (other than a phone call made for emergency purposes or made with the prior consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

3. How Defendant obtained the phone numbers of Plaintiff and Class members;

4. Whether the dialing system used to call is an Automatic Telephone Dialing System;

5. Whether Defendant engaged in telemarketing content when it made the calls which are the subject of this lawsuit;

6. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

7. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

8. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

9. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

10. Whether Plaintiff and the Class are entitled to any other relief.

40. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

41. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Classes. The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

42. Plaintiff and members of the Do-Not-Call-Registry Class each received more than one phone call within a 12-month time period, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

43. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

44. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant

by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

45. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

46. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 45 above as though fully stated herein.

47. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone

dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

48. Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

49. Defendant – or third parties directed by Defendant – used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

50. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

51. Defendant has, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

52. Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

53. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

56. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

57. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

58. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using an ATDS, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

59. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

61. WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227
### (on Behalf of Plaintiff and the Do Not Call Registry Class)

62. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 45 of this Complaint as though fully stated herein.

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. 47 C.F.R. § 64.1200(e), provides that 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

65. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

66. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

67. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do No Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

68. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.  As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

69. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, as set forth in the Prayer for Relief below:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant for:

1. An order certifying this case as a class action, certifying Plaintiff as representative of the Classes, and designating Plaintiff's counsel as Class counsel;

2. Statutory damages of $500 per call in violation of the TCPA;

3. Willful damages at $1,500 per call in violation of the TCPA;

4. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

5. An injunction prohibiting Defendants from calling any individual whose number appears on the National Do Not Call Registry;

6. Reasonable attorney's fees and costs; and

7. Such further and other relief as this Court deems reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JASON CANO, demands a trial by jury on all appropriate claims.

**Dated this 21st day of September 2020.**          Respectfully Submitted,

| | |
|---|---|
| **EGGNATZ \| PASCUCCI** | **JORDAN RICHARDS, PLLC** |
| 7450 Griffin Road, Suite 230 | 805 East Broward Blvd. Suite 301 |
| Davie, Florida 33314 | Fort Lauderdale, Florida 33301 |
| Tel: (954) 889-3359 | Tel: (954) 871-0050 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| | |
| By: */s/ Joshua H. Eggnatz* | By: */s/ Jordan Richards* |
| JOSHUA H. EGGNATZ, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Florida Bar No. | Florida Bar No. 108372 |
| MICHAEL PASCUCCI, ESQUIRE | *Jordan@jordanrichardspllc.com* |
| Florida Bar No. | *Melissa@jordanrichardspllc.com* |
| *jeggnatz@justiceearned.com* | *Jake@jordanrichardspllc.com* |
| *mpascucci@justiceearned.com* | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 21, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: